UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ernest Carter,<br><br>    Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>    Respondent. | Case No. 16-cv-3455 (DWF/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the undersigned United States Magistrate Judge on petitioner Ernest Carter's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Carter's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal without prejudice of the petition.

  Carter attests that he was convicted and sentenced in 2016 on charges of unlawful possession of firearm and ammunition and possession of marijuana. (Pet. at 1 [Doc. No. 1].) Carter does not challenge the legality of that conviction or sentence. Instead, Carter alleges that prison officials have, in essence, been deliberately indifferent to his medical needs through denial of appropriate medical care.

Generally, habeas corpus relief is reserved for prisoners challenging the legality of the *fact* or *duration* of their confinement. "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). By contrast, a prisoner challenging the *conditions* of his confinement, as Carter is doing here, must usually proceed through a traditional civil lawsuit.[1] *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014). Simply put, Carter has chosen the incorrect procedural vehicle through which to pursue his claims. Those claims must be brought in a traditional civil action, not a petition for a writ of habeas corpus.

Pro se pleadings are entitled to a liberal interpretation, and in some circumstances, a court may reinterpret a document filed as a habeas corpus petition to be a civil complaint and allow the matter to proceed accordingly. *Id*. at 471. Such a reinterpretation is unnecessary here, however, because Carter already has pending in the

---

[1] Complicating matters somewhat is that although Carter is not raising a traditional habeas corpus challenge (that is, he is not arguing his conviction or sentence is illegal), he is seeking traditional habeas corpus relief: release from prison. (Pet. at 15.) But "[s]tate detainees normally are not entitled to a writ of habeas corpus effecting release from custody based on a conditions-of-confinement claim, even if the claim is meritorious." *See Martin v. Benson*, 815 F. Supp. 2d. 1086, 1097 n.5 (D. Minn. 2011) (citing *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990)). If Carter is correct that prison officials have been deliberately indifferent to his medical needs, he may be entitled to monetary damages or injunctive relief in the form of an order requiring prison officials to provide the necessary medical care or otherwise improve Carter's conditions of confinement. Neither of those remedies is a habeas corpus remedy, however.

District of Minnesota civil litigation brought under 42 U.S.C. § 1983 relating to the same events and actions giving rise to the claims raised in his habeas petition. *See Carter v. St. Cloud Corr. Ctr.*, No. 16-CV-2979 (DWF/HB) (D. Minn. Sept. 2, 2016). Because this habeas action is duplicative of Carter's other pending litigation, reinterpreting Carter's habeas petition as a civil complaint is therefore unlikely to do him any good. In fact, reinterpreting Carter's habeas corpus petition is likely to be to his *detriment*, because, if the Court were to regard this matter as a new civil action, Carter would then be responsible for another $350.00 filing fee under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). That result is entirely unnecessary. Carter may proceed with all of his § 1983 claims in the earlier-filed action and pay the required filing fee only once, rather than twice.[2]

Because Carter has sought relief through the incorrect procedural vehicle, it is hereby recommended that his petition for a writ of habeas corpus be denied without

---

[2] Carter's habeas petition and earlier-filed civil complaint appear to be coterminous, but to the extent that Carter raises new allegations in his habeas petition, this Court notes that Carter remains entitled to amend his civil action once as a matter of course, *see* Fed. R. Civ. P. 15(a), and that this Court has encouraged Carter to file an amended complaint in that previous action to cure certain deficiencies in that pleading (deficiencies which would also be present, and would need to be corrected, if Carter's habeas petition were to be reinterpreted as a civil complaint).

prejudice. This recommendation of dismissal does not go to the merits of Carter's claims, which have yet to be adjudicated in the earlier-filed matter.[3]

Only one issue merits further comment. A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Carter's current habeas corpus petition differently than it is being treated here. It is therefore recommended that Carter should not be granted a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

---

[3] Should this Court's recommendation of dismissal without prejudice be adopted, Carter will still be able to challenge the legality of the conviction or sentence referenced above through a habeas petition governed by § 2254. Such a habeas petition will *not* be regarded as "second or successive" notwithstanding the dismissal without prejudice of this action. *See* 28 U.S.C. § 2244(b).

1.  Petitioner Ernest Carter's petition for a writ of habeas corpus [Doc. No. 1] be **DISMISSED WITHOUT PREJUDICE**.

2.  Carter's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED AS MOOT**.

3.  No certificate of appealability be issued.

Dated: October 25, 2016        s/ *Hildy Bowbeer*
                               HILDY BOWBEER
                               United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.